## HAWKINSON et al. v. CARNELL & BRADBURN.

### No. 10127.

District Court, E. D. Pennsylvania.
Dec. 7, 1938.

William C. Bodine, of Philadelphia, Pa., for plaintiff.

Samuel E. Kratzok, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge.

The real plaintiff in this case is Tiresoles, Inc., who is averred to be the exclu-

sive licensee of the other plaintiff, the patentee. The main question is its right to maintain this action on its own behalf and that of the patentee against the defendants. The patentee has not given its consent to the use of its name as a party plaintiff.

The action is by a Bill of Complaint. Aside from the question herein discussed, the Bill is the ordinary Bill complaining of the infringement of Letters Patent.

The defendants have filed a motion to dismiss. This is based upon the ground that the Bill does not disclose a cause of action; that Tiresoles, Inc., is not an exclusive nor sole licensee of the patentee, and has no cause of action under the averments of the Bill; that the Bill is defective for the reason that the contract between the patentee and the General Tire & Rubber Company referred to in the Bill is not set forth, and that the Paul E. Hawkinson has been improperly joined as a co-plaintiff, and as a third reason that the Bill of Complaint "does not allege a privity of contract between Tiresoles, Inc. and the defendants."

### Discussion.

We discuss the grounds of the motion to dismiss in a different order from that set forth in the motion.

The objection to the Bill because it does not set forth a cause of action would not seem to be well founded. It is the usual cause of action set forth in any Bill known as a Patent Bill. There is an obvious distinction between a Bill setting forth a cause of action and the authority to file the Bill as filed. The Bill here is on its face a joint Bill by the patentee and his licensee. On its face it sets forth a cause of action. The real objection is one of the authority to file the Bill. Ordinarily no one can be made unwillingly a litigant party. Possible liability for costs would be one reason for refusing consent. One however cannot deprive another of his right to enforce any right of action he may have. No one can be made to defend to an action begun without the sanction of the real plaintiff. If such an action be brought at law the remedy of the defendant is to require the party who has brought the action to produce his authority. This usually takes the form of a Rule calling upon the attorney, who has instituted the action, to file his warrant of attorney. Upon the return to that Rule the Court can determine the presence or absence of authority. A distinction is made however between a party who must be made the legal plaintiff and a use plaintiff who is the real party plaintiff. The latter may have the right to bring the action in the name of the legal plaintiff to his use without the consent or indeed against the wishes of the legal plaintiff. For illustration, the assignee of a promissory note after maturity, cannot be deprived of his right of action upon it by the refusal of the payee and assignor to permit the use of his name as legal plaintiff. The action must be brought, under the Pennsylvania practice, in the name of the legal plaintiff, but the real owner may bring the action in the name of the legal plaintiff to his use. The practice in Equity is somewhat different. At law the parties to an action are parties plaintiff or defendant. At law the action (in Pennsylvania at least) must be brought in the name of the legal plaintiff as plaintiff. Equity looks to the real owner of the cause of action. In the words of our Equity Rules "every action shall be prosecuted in the name of the real party in interest". Equity Rule 37, 28 U.S.C.A. following section 723. Equity, however, knows no distinction between parties plaintiff and defendant. They are all merely parties. The Equity Rules have somewhat modified this. The pertinent Rules are 25, 26, 29, 37 and 39, 28 U.S.C.A. following section 723. These Rules recognize the distinction which pertains at law, between parties plaintiff and defendant and requires them to be so aligned.

Rule 25 requires that if any party be under a disability that fact shall be stated, and that if there are any parties defendant "who appear to be proper parties, the bill should state why they are not made parties".

Rule 26 applies to those joined as plaintiffs and defendants and requires a statement of why they are joined.

Rule 29 regulates motions to dismiss.

Rule 37 is more directly in point. It prescribes that the action be prosecuted in the name of the real party in interest; that all parties having an interest in the subject of the action or in the relief sought "may join as plaintiffs" and that "any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. Persons having a united interest must be joined on the same side as plaintiffs or defendants,

but when any one refuses to join, he may for such reason be made a defendant."

Rule 39 provides that if those who are properly parties "cannot be made parties by reason of their being out of the jurisdiction of the court, or incapable otherwise of being made parties", the action may proceed without them.

Rule 19 of the New Rules of Procedure, 28 U.S.C.A. following § 723c, is more specific by providing that when one refuses to join as plaintiff he "may be made a defendant or, in proper cases, an involuntary plaintiff".

This latter Rule meets exactly the facts of the present case. The patentee by the averments of the Bill refuses to be a plaintiff. He has been made such in his own despite. He is emphatically, in the words of the New Procedure Rule, an "involuntary plaintiff". The Bill was filed however before the New Rules of Procedure went into effect. It is in consequence to be judged by the Equity Rules.

The motion to dismiss, for this reason, is thus reduced to the very narrow ground that the patentee has been made a party plaintiff instead of defendant. Equity Rule 37, as it may be read by its verbiage, calls for the patentee being named as defendant. We do not think the reason given for not so naming him to be a good reason. It is that he cannot be served within the District. Being made a party defendant by the Bill and the Court obtaining jurisdiction of his person by service are two different things. The motion is to dismiss the Bill because the patentee is not named as a defendant. He may be so named. Whether or not he can be served with a subpoena is a different question. We cannot know that he will not be.

It is true that Equity Rule 39 speaks of being out of the jurisdiction of the Court as a reason for not being capable of being made a party. Obviously this means party in the sense of being bound by the decree of the Court. The real question is whether the Bill is fatally defective because it names the patentee as a plaintiff instead of as a defendant in compliance with Equity Rule 37. It will be noted that the Rule is no mandate for so naming him. The language of the Rule is that he "may be made" a defendant.

We plant our refusal to dismiss the Bill, for this reason, on the ground that the patentee is properly a party plaintiff and that he cannot in Equity refuse to his licensee the right to the use of his name but may be required to do so.

We are unable to understand the final ground of dismissal in the absence of an averment of privity of contract between Tiresoles, Inc., the real plaintiff, and the defendants. The gravamen of the complaint is not in contractual default but is a tort averred to have been committed. The real question is the right of the real plaintiff to maintain a Bill either in its own name or in the joint names of the patentee and itself as licensee. Before the defendants can raise the question of the right of the licensee to maintain an action in its own name, the name of the patentee as joint plaintiff must be eliminated. The Bill as asked to be dismissed is a joint Bill. This makes it unnecessary to decide whether the licensee can maintain an action in its own name alone. We see no need for the plaintiff to set forth the contract between the patentee and the General Tire & Rubber Company.

A formal order in conformity with this opinion may be submitted.